Rel: August 7, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2026

_____

## SC-2025-1015

_____

### Ex parte Association of County Commissions of Alabama Liability Self-Insurance Fund, Inc.

### PETITION FOR WRIT OF MANDAMUS

### (In re: Association of County Commissions of Alabama Liability Self-Insurance Fund, Inc.

### v.

### Doris Jordan et al.)

### (Greene Circuit Court: CV-24-900048)

BRYAN, Justice.

The Association of County Commissions of Alabama Liability Self-

Insurance Fund, Inc. ("the association"), petitions this Court for a writ of

mandamus directing the Greene Circuit Court ("the circuit court") to vacate an order staying the underlying declaratory-judgment action. For the reasons explained below, we grant the petition and issue the writ with specific directions to the circuit court.

<u>Background</u>

In February 2020, a group of individuals who had allegedly worked for Greene County ("the county workers")[1] sued the Greene County Commission ("the county commission"), asserting claims of negligence, the tort of outrage, trespass, and nuisance against the county commission; that action is referred to as "the tort action." According to the county workers, they had suffered injuries caused by their exposure to rodent infestations and faulty air-conditioning and roofing systems while working in a county courthouse.

---

[1]The county workers are Jonathan Benison, Vincent Hardwick, LaJaffery Carpenter, Doris Jordan, Elston Carpenter, Steven Davis, Charles Davis, Betty Duncan, Jeffery Grant, Cheryl Hardy, Edward Hutton, Tommy Johnson, Arnelia Johnson, Lillie Jones-Osborne, Barbara McShan, Henry McWhorter, Cynthia Milton, Verinoica Morton-Jones, Rodney Pham, Deloris Plump, Jeremy Rancer, Debbie Rice, Melvin Smith, Inez Smith, Mary Snoddy, Akira Spencer, De'Shayla Steele, Shameka Taylor, Monica Tuner, Earnestine Wade, William Walton, and Emonfre' White.

During the relevant times, the county commission was a member of the association's self-insurance fund. Under the liability-coverage terms of the association's self-insurance agreement ("the insurance agreement"), the association had a duty to defend the county commission against certain claims. According to the association, it has thus far provided the county commission with a defense in the tort action pursuant to a reservation of rights. See Certain Underwriters at Lloyd's, London v. Southern Nat. Gas Co., 142 So. 3d 436, 462 (Ala. 2013)("[A] reservation of rights allows the insurer to challenge its liability on the underlying claim while still fulfilling its obligations under the policy."). However, the materials before this Court contain no documentation concerning the reservation of rights.

In June 2024, the association commenced the declaratory-judgment action underlying this mandamus petition ("the declaratory-judgment action"), naming as defendants the county commission and the county workers. The association alleged that, under certain exclusionary provisions, the county workers' claims against the county commission were not covered by the terms of the insurance agreement. The

association also alleged that it had no duty to defend the county commission in the tort action based on the exclusionary provisions.

The county workers moved to dismiss the declaratory-judgment action pursuant to Rule 12(b)(1), Ala. R. Civ. P., arguing that the action was not ripe, and therefore not justiciable, before the tort action was resolved. The county commission also moved to dismiss the declaratory-judgment action, arguing, in relevant part, that the association had a duty to defend the county commission in the tort action.

On December 1, 2025, the circuit court entered an order stating, in relevant part:

> "A hearing was held on November 13, 2025[,[2]] to address the [m]otion[s] to [d]ismiss filed by [the county workers and the county commission]. … The Court heard oral arguments from all parties. Based upon those arguments, as well as the post-hearing pleadings filed by the parties, the Court is of the opinion that [the association]'s [d]eclaratory[-j]udgment [action] should be STAYED pending the outcome of the underlying claim that gave rise to this declaratory[-]judgment action.
>
> "[The association]'s complaint for [a d]eclaratory [j]udgment seeks to have this Court determine whether [the association] owes coverage for the claims asserted by [the county workers] in [the tort action]. [The association] has offered no explanation for why [it] waited over four and a half

---

[2]No transcript of the November 13, 2025, hearing has been provided to this Court.

4

years to file this declaratory[-]judgment action. The coverage issues raised by [the association] relate back to the factual basis asserted in the complaint filed in the underlying claim. The Court is not convinced that this case is not due to be dismissed on the grounds that it is time[-]barred pursuant to Breland v. City of Fairhope, 229 So. 3d 1078 ([Ala.] 2016)[;] however, the Court is of the opinion that staying this action is a more prudent course of action. The Court finds, based on the pleadings filed and the arguments by the parties, that[,] to address the issues raised by [the association] in this declaratory[-]judgment action would supersede the determination of an issue or issues already pending in the [tort action]. As such, this action is hereby STAYED pending the outcome of the [tort action]."

(Capitalization in original.)

The association's present mandamus petition followed. The county workers and the county commission filed answers responding to the association's mandamus petition. However, in substance, the county commission has stated only the following:

"The [county c]ommission takes no position on the [circuit c]ourt's order staying the case. However, the [county c]ommission reserves the right, after appropriate discovery, to challenge whether all of the [a]ssociation's claims are barred by the applicable statute of limitations. Also, the [county c]ommission reserve[s] the right to amend its [a]nswer to assert appropriate counter-claims."

The county commission's answer at 4.

5

Standard of Review

> > > "'"This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So. 2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So. 2d 704, 706 (Ala. 1987)."

> > "'Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000).'

> "Ex parte Barrows, 892 So. 2d 914, 916 (Ala. 2004)."

Ex parte Alfa Mut. Ins. Co., 921 So. 2d 418, 419 (Ala. 2005).

Analysis

In its petition, the association argues that this Court should issue a writ of mandamus directing the circuit court to vacate its order staying

6

the declaratory-judgment action.[3]   As support for its argument, the association relies primarily on this Court's decision in Ex parte Alfa, 921 So. 2d at 418.

In Ex parte Alfa, Alfa Mutual Insurance Company ("Alfa") had issued a homeowner's insurance policy to Toby Arnette that provided specified personal-liability coverage and an exclusion of coverage for

---

[3]In their answer to the association's petition, the county workers primarily complain about the association's delay in bringing the declaratory-judgment action after their tort action had already been pending for more than four years.  However, as noted above, the circuit court stayed the declaratory-judgment action and expressly refrained from dismissing that action at that time based on any alleged delay in commencing that action.

Clearly, by virtue of the circuit court's stay of the declaratory-judgment action, the circuit court has elected to further delay any adjudication of the issues raised in that action.  Therefore, we decline to consider any alleged delay by the association as a justification for staying, and thereby further delaying, the declaratory-judgment action.  Cf. Ex parte Jones, 147 So. 3d 415, 419 (Ala. 2013)("This Court may affirm the judgment of the trial court upon any valid legal ground even if that ground was not argued before or considered by, and even if it was rejected by, the trial court.").

The county workers also seemingly argue that the tort action should not be stayed in favor of litigating the declaratory-judgment action.  The mandamus petition before this Court is not directed to any order entered in the tort action.  Therefore, we express no opinion regarding whether a stay should or should not be imposed in the tort action.

"'bodily injury which is either expected or intended by an insured; or which is a result of a willful or malicious act of an insured.'" Id. at 419.

In 2003, Jimmie Young sued Arnette, alleging that, in 2002, Arnette had physically attacked Young by punching and kicking Young in the face. In a separate declaratory-judgment action, Alfa sought a determination that it had no duty to defend or to indemnify Arnette regarding Young's claims. Young, whom Alfa had named as a defendant in the declaratory-judgment action, moved for a stay of that action until Young's tort action was resolved, which motion the trial court granted.

This Court subsequently granted Alfa's petition for a writ of mandamus to the trial court, directing that court to vacate its order staying the declaratory-judgment action. In so doing, we reasoned:

> "'This Court has consistently held that a declaratory judgment action will not be entertained if there is pending a prior action to which the same persons are parties and in which the same issues may be adjudicated ....
>
> "'"...."
>
> "'If a court is allowed to entertain a declaratory judgment action, then its judgment might be inconsistent with an order entered in the prior pending action dealing with the same issue.'

8

"Evans v. Cumberland Lake Country Club, Inc., 682 So. 2d 11, 15 (Ala. 1996)(citations omitted).  'An action for declaratory judgment may not supersede the determination of an issue already pending in another action filed prior to the declaratory judgment [action].'  Mathis v. Auto-Owners Ins. Co., 387 So. 2d 166, 167 (Ala. 1980).

"In Smith v. North River Insurance Co., 360 So. 2d 313 (Ala. 1978), this Court held that while an action was pending against the insured, the insurer could bring a declaratory-judgment action to determine whether the insurer was obligated under the provisions of the insured's policy to defend the insured in the earlier action.  In Smith, the insured wounded an individual and the individual sued the insured alleging negligence and wantonness.  The insured requested that North River Insurance defend him in the action.  North River Insurance refused and filed a declaratory-judgment action to determine its duty to defend and whether its policy with the insured covered the incident.  The insured's policy excluded from coverage '"bodily injury or property damage which is either expected or intended from the standpoint of the insured."'  360 So. 2d at 315.  This Court held that the insurer's pursuit of the declaratory judgment was proper because the issue in the declaratory-judgment action was different from the issue in the personal-injury suit.  Specifically, this Court held:

> "'The issue raised in the declaratory judgment action was whether the insurance company was obligated, under the policy provisions, to defend the action brought ... against the insured.  This issue turned on whether the injury, the basis of the personal injury suit, was "expected or intended" as those terms are used in the contract between the insurance company and its insured.  That is not the issue in the personal injury suit.'

"360 So. 2d at 315.

"Here, Alfa, like the insurer in [Smith] that requested a determination of its duty to defend the insured in light of the circumstances and the language in the insured's policy, seeks a judgment determining its duty to defend its insured. This determination is different from the issue presented in Young's personal-injury action."

Ex parte Alfa, 921 So. 2d at 419-20 (emphasis added).

As noted above, in this case, the circuit court determined that, "based on the pleadings filed and the arguments by the parties, … to address the issues raised by [the association] in this declaratory[-]judgment action would supersede the determination of an issue or issues already pending in the [tort action]." (Emphasis added.) As this Court noted in Ex parte Alfa, "'[a]n action for declaratory judgment may not supersede the determination of an issue already pending in another action filed prior to the declaratory judgment [action].'" 921 So. 2d at 419-20 (quoting Mathis v. Auto-Owners Ins. Co., 387 So. 2d 166, 167 (Ala. 1980)). However, the circuit court's order did not specify which "issue or issues" pending in the tort action might be superseded by resolution of the declaratory-judgment action.

In its petition, the association argues that the circuit court's decision in this regard "was incorrect and an abuse of discretion, particularly as regards a [determination of the] duty to defend, which will

10

never be addressed in the [t]ort action." The association's petition at 14. Later in its petition, the association states that "the [circuit] court <u>could</u> stay or dismiss one issue while still making a determination on the non-identical issues." <u>Id.</u> at 19 (emphasis added). However, similar to the circuit court's vague order, the association's petition does not suggest which issues in particular might be properly stayed or dismissed, and it does not appear from the materials before this Court that the association asked the circuit court to make such a specific determination following the entry of the December 1, 2025, order.

With the foregoing in mind, we begin our analysis of the association's petition by noting the county workers' observation that some of the coverage issues raised in the association's petition relate not to categorical exclusion from coverage but instead to the <u>limits</u> of available coverage under certain provisions of the insurance agreement. <u>See</u> the association's petition at 21 ("If the claims qualify as an 'occurrence,' then the [a]ssociation seeks a determination that they arise out of the continuous or repeated exposure to substantially the same conditions, <u>so the single occurrence limit is all the coverage that is available</u>." (emphasis added)), and <u>id.</u> at 24 ("[T]o the extent 'other

11

hazards' alleged in the [t]ort [a]ction are for 'fungi or bacteria,' the [a]ssociation seeks a determination that <u>those claims/injuries are subject to the 'Fungi or Bacteria' limit</u>." (emphasis added)). Those coverage issues seemingly pertain to the extent or <u>limit</u> of the association's duty to <u>indemnify</u> the county commission and not to the association's <u>categorical</u> duty to <u>defend</u> -- or not -- the county commission against the county workers' claims. <u>See</u> <u>Tanner v. State Farm Fire & Cas. Co.</u>, 874 So. 2d 1058, 1063 (Ala. 2003)("Liability insurance coverage includes two separate duties: (1) the duty to defend; and (2) the duty to indemnify.").

The association has cited no precedent for this Court's issuing a writ of mandamus to prohibit a trial court from staying its consideration of such indemnification questions. Although the declaratory-judgment action at issue in <u>Ex parte Alfa</u>, had sought a judgment declaring that the insurer had no duty to defend <u>or</u> indemnify the insured, this Court's analysis in support of issuing the writ of mandamus turned on the insurer's request for a determination regarding its duty to defend. Indeed, as noted above, the <u>Ex parte Alfa</u>, Court specifically cited <u>Smith v. North River Insurance Co.</u>, 360 So. 2d 313, 319 (Ala. 1978), in reasoning that, "[h]ere, Alfa, like the insurer in [<u>Smith</u>] that requested a

determination of its <u>duty to defend</u> the insured in light of the circumstances and the language in the insured's policy, seeks a judgment determining its <u>duty to defend</u> its insured." 921 So. 2d at 420 (emphasis added); <u>see also</u> <u>id.</u> (distinguishing <u>MacMillan-Bloedel, Inc. v. Firemen's Insurance Co. of New Jersey</u>, 558 F. Supp. 596 (S.D. Ala. 1983), on the ground that "[t]he federal district court held that the declaratory-judgment action was premature because the liability between the plaintiff and the insured had not yet been decided. Here, the insurer is seeking a determination as to whether it has a <u>duty to defend</u> the insured in the plaintiff's action against the insured.")(emphasis added)).

> "'"It is well established that it is not the function of an appellate court to create, research, or argue an issue on behalf of the [petitioner].'" <u>Mottershaw v. Ledbetter</u>, 148 So. 3d 45, 54 (Ala. 2013) (quoting <u>Gonzalez v. Blue Cross/Blue Shield of Alabama</u>, 760 So. 2d 878, 883 (Ala. Civ. App. 2000)). A writ of mandamus is an extraordinary writ that will be issued only when the petitioner establishes a 'clear legal right' to relief. <u>Ex parte Davis</u>, 930 So. 2d [497,] 499 [(Ala. 2005)]."

<u>Ex parte Drury Hotels Co.</u>, 303 So. 3d 1188, 1193 (Ala. 2020).

Therefore, we will consider the arguments set forth in the association's mandamus petition only insofar as they pertain to its potential <u>duty to defend</u> the county commission in the tort action; we

13

decline to issue the writ in this case to require the circuit court to vacate its stay of the declaratory-judgment action for a consideration of the extent of the association's <u>duty to indemnify</u> the county commission.

Regarding the question of its duty to defend the county commission in the tort action, the association argues that the declaratory-judgment action should proceed for a determination regarding whether the conduct underlying the county workers' claims against the county commission qualify as an "occurrence," which is defined by the insurance agreement as "an accident, including continuous or repeated exposure to … substantially the same general harmful conditions or series of related accidents."

The association also argues that certain exclusionary provisions pertaining to "expected or intended injury" may apply; those provisions exclude from coverage

> "a. <u>Any claim or suit</u> for any injury or damage expected or intended from the standpoint of the covered person. …
>
> "….
>
> "e. <u>Any claim or suit</u> for any injury or damage suffered when the covered person is aware of any fact, circumstance or event that should reasonably be expected to result in a claim or suit and fails to take reasonable steps to prevent injury or

damage resulting from or related to such fact, circumstance or event."

(Emphasis added.)

The association also cites a provision excluding from coverage

"a. <u>Any claim or suit</u> seeking damages or equitable relief arising out of the actual, alleged or threatened discharge, dispersal, disposal, seepage, migration, release, escape, or presence of a pollutant or contaminant at any time."

(Emphasis added.)

Additionally, the association cites a provision excluding from coverage

"a. <u>Any claim or suit</u> against any covered person for:

"….

"(3) Any injury or damage arising out of the actual, alleged or threatened exposure to asbestos or any other hazardous material or substance by any person, including inhalation, ingestion or absorption of and any prolonged or repeated exposure to asbestos or any other hazardous material or substance …."

(Emphasis added.)

We express no opinion regarding the applicability of any categorical exclusionary provisions cited by the association to the claims asserted by the county workers against the county commission in the tort action.

However, we agree with the association that, pursuant to this Court's decision in Ex parte Alfa, the circuit court exceeded its discretion by staying the declaratory-judgment action to the extent that the circuit court refused to consider the association's request for a determination regarding its duty to defend the county commission in the tort action.

The county workers argue that the circumstances of Ex parte Alfa and Smith are distinguishable from the circumstances presented here because, they say, those cases involved allegations of only intentional torts. However, the county workers' assertion is incorrect. The injured party in Smith asserted claims of negligence and wantonness against the insured for injuries sustained when the insured was shooting a different person to death while at a party. 360 So. 2d at 314.

As noted above, the basis for the Smith Court's conclusion that a declaratory-judgment action to determine the insurance company's duty to defend could coexist alongside a pending tort action was a determination that the two actions presented different issues. The declaratory-judgment action "turned on whether the injury, the basis of the personal injury suit, was 'expected or intended,' as those terms are

16

used in the contract between the insurance company and its insured,"

which was "not the issue in the personal injury suit." Id. at 315.

As the county workers acknowledge in their answer, this Court has

explained that

> "[w]hether an insurance company owes a duty to provide
> an insured with a defense to proceedings instituted against
> him must be determined primarily from the allegations of the
> complaint. Ladner & Co. v. Southern Guaranty Ins. Co., 347
> So. 2d 100, 102 (Ala. 1977). If the injured party's complaint
> alleges an accident or occurrence which comes within the
> coverage of the policy, the insurer is obligated to defend,
> regardless of the ultimate liability of the insured. Ladner &
> Co., 347 So. 2d at 102.
>
> "If the complaint suggests that the injury alleged may
> not be within the coverage of the policy, then other facts
> outside the complaint may be taken into consideration.
> Ladner & Co., 347 So. 2d at 103."

United States Fid. and Guar. Co. v. Armstrong, 479 So. 2d 1164, 1167

(Ala. 1985).

In other words, in determining an insurance company's duty to

defend its insured in an action against the insured at any given time, the

pertinent inquiry is the nature or character of the claims or suit against

the insured at that time and whether claims or suits of that sort are

covered under the terms of the insurance agreement. A trial court can

generally resolve that inquiry based on the circumstances presented

17

without attempting to adjudicate the issue of the insured's liability to the allegedly injured party. See generally id. at 1166-68 (explaining how Alabama's jurisprudence has interpreted various terms used in liability-insurance policies to determine coverage).

However, this Court has cautioned that, although a trial court may properly determine an insurance company's present duty to defend based on a particular procedural posture, the nature of the action against the insured can change as litigation develops. In Ladner & Co. v. Southern Guaranty Insurance Co., 347 So. 2d 100, 103-04 (Ala. 1977), we held:

> "[A]s presently postured, the defendant insurance companies are not presently required to defend the lawsuit pending against [the insured]. The allegations of their complaint allege only intentional acts by [the insured]; and nothing in the record before us indicates that any other theory of liability is asserted. True, [the insured] denies knowing that the lots it sold to the plaintiffs would flood, but that is a matter to be determined in the lawsuit. Its denial in no way changes the nature of the claim made by the plaintiffs.
>
> "In holding that the insurance companies have no present obligation to defend the suit against their insured, we must also point out, as has been so succinctly stated by Judge Learned Hand in Lee v. Aetna Casualty & Surety Co., 178 F.2d 750, 752, 753 (2d Cir. 1949):
>
>> "'... [T]he injured party might conceivably recover on a claim, which, as he had alleged it, was outside the policy; but which, as it turned out, the insurer was bound to pay. Such is the plasticity of

18

modern pleading that no one can be positive that that could not happen. In such a case of course the insurer would not have to defend; yet, even then, as soon as, during the course of the trial, the changed character of the claim appeared, we need not say that the insured might not insist that the insurer take over the defence. ...'

"Under the present Alabama rules of procedure, it is quite possible that the character of the plaintiffs' claim against [the insured] may change, as Judge Hand noted, even during the course of the trial; and, of course, the plaintiffs' complaint may be amended even after the evidence is in to conform to that evidence. Because that is so, the insurers should be mindful that:

"'It is clear that where a claim potentially may become one which is within the scope of the policy, the insurance company's refusal to defend at the outset of the controversy is a decision it makes at its own peril. ...' Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582, 152 A.2d 484, 488 (1959).

"In some jurisdictions, it has been held that the failure of an insurer to defend, relying on the allegations of the complaint against its insured, is a step taken at its own peril; and it does so at the risk of becoming liable to the insured for attorneys' fees and expenses incurred by the insured in his defense in the event it ultimately develops that it has a duty to defend. Bandy v. Avondale Shipyards, Inc., 458 F.2d 900 (5th Cir. 1972)."

In Tanner, 874 So. 2d at 1065, this Court "summarize[d] the law for determining the existence or nonexistence of an insurer's duty to defend."

This Court stated:

19

"If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence. If the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one, then the insurer likewise owes the duty to defend. The insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between insurer and insured prove a covered accident or occurrence. [Acceptance Ins. Co. v. Brown, 832 So. 2d 1 (Ala. 2001); Pacific Indem. Co. v. Run-A-Ford Co., 276 Ala. 311, 161 So. 2d 789 (1964); and Ladner & Co. v. Southern Guar. Ins. Co., 347 So. 2d 100 (Ala. 1977)]. If the allegedly injured person's complaint against the insured alleges or the evidence proves not only claims based on a covered accident or occurrence but also claims not based on a covered accident or occurrence, the insurer owes a duty to defend at least the claims based on a covered accident or occurrence. E.g. Acceptance Ins. Co., supra; [Porterfield v. Audubon Indem. Co., 856 So. 2d 789 (Ala. 2002); and] Townsend Ford, Inc. v. Auto-Owners Ins. Co., 656 So. 2d 360 (Ala. 1995)."

Id. See also Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So. 2d 1006, 1011-13 (Ala. 2005)(applying a "two-pronged" analysis in determining an insurance company's duty to defend).

## Conclusion

Regarding the association's request in the declaratory-judgment action for a determination regarding its present duty to defend the county commission against the county workers' claims in the tort action, the

20

association has "established a clear legal right to have the stay vacated, and the [circuit] court exceeded the scope of its discretion when it issued the stay …." Ex parte Alfa, 921 So. 2d at 421. "Therefore, we grant the petition and issue a writ directing the [circuit] court to vacate its order staying [the association]'s declaratory-judgment action." Id.

In so doing, we direct the circuit court to proceed with the declaratory-judgment action to the extent that the association seeks a determination regarding its present duty to defend the county commission in the tort action. However, we neither express any opinion regarding how the circuit court should resolve that question nor express any opinion regarding how the association's duty to defend might change based on any evidentiary developments in the declaratory-judgment action or in the tort action.

Moreover, our decision does not require the circuit court to vacate its stay of the declaratory-judgment action for a determination of any indemnification issue raised by the association's complaint in that action. As explained above, the association has cited no precedent for issuing a writ of mandamus for that purpose.

PETITION GRANTED; WRIT ISSUED.

21

Stewart, C.J., and Shaw, Wise, Sellers, Mendheim, Cook, McCool, and Parker, JJ., concur.